IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARILON GREEN MCGREW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CV 00-TMP-2834-W |
| ) | |
| REVERE WARE CORPORATION ) | |
| and WORLD KITCHEN, INC., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ENTERED**

**MAY 6 2002**

<u>**MEMORANDUM OPINION**</u>

This action is before the court on the motion to dismiss filed by defendants, Revere Ware Corporation ("Revere") and World Kitchen, Inc. ("World Kitchen") on April 11, 2001. In the motion, defendants seek dismissal of all of plaintiff's claims as a sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(c) for plaintiff's misidentification of, and apparent loss or destruction of, the skillet at issue in this lawsuit. In the alternative, the defendants seek summary judgment on all of plaintiff's claims on the basis that it will be impossible for plaintiff to prove the element of "defect" and for defendants to defend against allegations of defective product, where it is clear that the product is not available. The plaintiff has responded, and defendants have replied and filed supplemental evidence in

41

support of their motion. A hearing on the motion was held on Tuesday, May 1, 2001.

By order dated May 4, 2001, the parties were notified that the court deemed defendants' motion to be a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the plaintiff was allowed 15 days in which to file any further response. Plaintiff untimely filed a response on October 2, 2001, seeking additional time for discovery and asking the court to hold the motion for summary judgment in abeyance. The motion was granted, and the parties were given until March 1, 2002, to file any additional evidence or argument relative to the issues raised in defendants' motion for summary judgment. On February 2, 2002, the defendants filed supplementary authority in support of the motion for summary judgment. On March 7, 2002, plaintiff untimely filed a motion to compel defendants to respond more fully to interrogatories.[1] Plaintiff has not filed any additional material

---

[1] The motion to compel (court document #39) is due to be and is hereby DENIED as untimely. The court on November 28, 2001, gave plaintiff an extension of time in which to obtain the discovery she untimely sought. The court specifically noted that the deadline for filing of any additional evidence was March 2, 2002, yet plaintiff did not file the motion to compel until five days after the deadline passed. According to the motion to compel, the information plaintiff seeks is a supplement to the response defendant World Kitchens provided on August 20, 2001. Acccordingly, plaintiff knew for more than seven months that defendant had not fully complied with the discovery request, and

in response to the motion. The parties have consented by stipulation to the exercise of jurisdiction pursuant to 28 U.S.C. § 636(c). Accordingly, the court enters this memorandum opinion.

## I.  FACTS

On or about February 17, 2000, Marilon Green McGrew fried pork chops in the kitchen of her Tuscaloosa, Alabama, home. She used a skillet she had recently purchased from Wal-Mart that was made by Revere. After her family ate the pork chop dinner, she left the grease from the pork chops in the skillet. Later, her son cleaned the kitchen, but did not clean the skillet or remove the grease. McGrew was watching television in her bedroom when her son told her the kitchen was on fire.[2] She ran into the kitchen, and saw smoke

---

yet did not file a motion to compel until after the deadline for filing additional evidence. The court further notes that this is not the first time plaintiff has failed to timely respond to the motion for summary judgment. As noted *supra,* the defendants' motion was filed almost six months before plaintiff even moved for additional discovery. The court was perhaps too generous in allowing the plaintiff almost a year in which to pursue alternative avenues of redress after she admitted that the skillet at issue had been lost. At this point, defendants are entitled to a resolution of their well-founded motion for summary judgment.

[2]  McGrew conjectures that her son must have accidentally turned the stove on when he was cleaning, causing the eye to reheat the grease.

3

coming from the skillet.  She picked the skillet up by the handle with both hands and carried it toward the back door.  When she opened the back door with one hand, the skillet handle separated from the skillet, causing the hot grease to spill onto her and cause serious burns to her thighs, legs and feet.  She dropped the skillet into the back yard of her home, and she was then taken to the hospital for treatment.

On August 28, 2000, McGrew initiated this civil action in the Circuit Court of Tuscaloosa County, Alabama, against the defendants.  On October 6, 2000, the defendants removed the action to this court on the basis of diversity of citizenship.

McGrew contends that the skillet was defective in that the handle separated or broke and that the defendants were at fault because they negligently manufactured the unreasonably dangerous skillet.  She asserts claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), and also states claims of negligence, wantonness, breach of express warranty, and breach of implied warranties.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there

is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require

6

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III. DISCUSSION

### A. AEMLD Claims

The plaintiff has asserted that defendants are liable for her injuries pursuant to Alabama's product liability law, the Alabama Extended Manufacturer's Liability Doctrine. See Casrell v. Altec Industries, Inc., 335 So. 2d 128 (Ala. 1976). The defendants argue that plaintiff's claim must fail because, in the absence of the skillet that caused the accident, the plaintiff is unable to demonstrate that the product was defective.

In order to survive defendants' motion for summary judgment on the AEMLD claim, plaintiff must offer substantial evidence of each element of a *prima facie* case. Under Alabama's judicially created products liabilty doctrine, the plaintiff must show: (1) that the product was unreasonably dangerous when it left the defendant's control, (2) that it was substantially unaltered when the plaintiff used it, and (3) that it proximately caused the plaintiff's injuries. Caudle v. Patridge, 566 So. 2d 244, 247 (Ala. 1990). Manufacturers are not insurers against all harm that may be caused by the use of their products, and manufacturers are not required to produce injury-proof or accident-proof products. See Townsend v. General Motors Corp., 642 So. 2d 411, 415 (Ala. 1994).

8

Under Alabama law, the doctrine of *res ipsa loquitur* is not applicable in product liability cases, and courts have held that proof of an accident itself is not proof that the product is defective. See, e.g., Brooks v. Colonial Chevrolet-Buick, Inc., 579 So. 2d 1328, 1331-33 (Ala. 1991). A product is deemed "defective" under the AEMLD when it is "unreasonably dangerous," that is, not fit for its intended purpose. Goree v. Winnebago Industries, Inc., 958 F.2d 1537, 1541 (11th Cir. 1992) quoting Casrell, 335 So. 2d at 133. While expert testimony is not always required in order for a plaintiff to prove that the product at issue is defective, Alabama courts have noted that the testimony of an expert, which allows a lay jury to infer that a product was defective, is "usually essential" to an AEMLD case. Brooks, 579 So. 2d at 1332.

Alabama products liability law retains the concept of fault; and manufacturers may be liable for negligence in the manufacture or design of the product. See id. Accordingly, there are two species of defective products: those that were defectively designed and those that became defective through some error or lapse in the manufacturing process. It is not entirely clear which type of defect the plaintiff is alleging, but because she has offered no evidence that tends to show that all Revere Ware skillets of the

9

same make and model as hers[3] are defective, the court must assume that she is claiming that this particular skillet suffered some manufacturing defect.[4] This type of claim is consistent with her testimony that the handle separated from the skillet, in that it is at least conceivable that a weld, or screw, or other method of attaching the handle was defective in the skillet at issue here. It is on this point that plaintiff has failed to offer any expert testimony, or other evidence sufficient to support an inference that the skillet was defective. As discussed *supra*, a product

---

[3] It also is not entirely clear whether plaintiff has demonstrated which make and model of skillet was involved in her injury. She first claimed to have the skillet, and provided defendants with markings from the bottom of the skillet. After much brouhaha over discovery issues in which defendants sought to compel production of the skillet for inspection, plaintiff's counsel - on the day the skillet was to be produced - claimed that the skillet was lost. In discovery responses, however, plaintiff produced the packaging that she claimed was wrapped around the skillet that was involved in the accident that caused her injuries. At deposition, when presented with a skillet of the make and model plaintiff identified, she testified that it "looked like" the skillet that she claims caused her injuries. Consequently, neither the court, nor the parties, appear to know with any degree of certainty which make and model fit the skillet at issue.

[4] The court further notes that the parties have engaged in extensive discovery, and plaintiff sought additional time for discovery, intended to lead to information of defective design. The motion was granted by order dated November 28, 2001, and plaintiff was given until March 1, 2001, to provide additional evidence; however, to date plaintiff has failed to offer any such evidence.

liability action requires that the plaintiff identify the defect. Although the plaintiff in the instant case has offered evidence that persuades the court that such a defect is conceivable, she has fallen far short of meeting her burden of demonstrating that this particular skillet was defective, or, for that matter, of even asserting what type of defect was present in the skillet. Moreover, the skillet has been lost or destroyed, and cannot now be examined by any expert for any party.[5]

The Alabama Supreme Court recently examined the question of whether an AEMLD claim may survive summary judgment where the product at issue is not available to the parties. In <u>Verchot v. General Motors Corp.</u>, ___ So. 2d ___, 2001 WL 564296 (Ala. May 25, 2001), the Alabama Supreme Court affirmed the trial court's order granting summary judgment in favor of the defendant in a case in which the plaintiffs alleged that the master cylinder in a Buick was defective and caused a car accident. The defendant asserted that it was entitled to summary judgment because the car and master cylinder had been disposed of and that, without the automobile,

---

[5] Plaintiff concedes that the skillet she first claimed was the skillet involved in the accident was examined by an expert, who determined that the handle had broken as a result of a downward force, as would happen if one were to hit the skillet against a hard, flat surface. Plaintiff has not offered any plausible explanation for why the skillet was first incorrectly identified as the actual skillet that caused the burns.

11

plaintiffs would not be able to prove by substantial evidence that the master cylinder had been defective. Id. at *1.

The Alabama Supreme Court affirmed the trial court, stating:

> We have also discussed at length what must be shown to proceed with a claim under the AEMLD in the similar context of an alleged defect that caused brake failure:
> > "Under the AEMLD, a manufacturer has the duty to design and manufacture a product that is reasonably safe for its intended purposes and uses. However, the manufacturer of a product is not an insurer against all harm that might be caused by the use of the product, and the manufacturer or designer is not obligated to produce an accident-proof or injury-proof product. *Casrell v. Altec Industries, Inc.*, 335 So. 2d 128 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976); *Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457 (5th Cir. 1976)[.] In fact, as stated in *General Motors Corp. v. Edwards*, 482 So. 2d 1176, 1183 (Ala. 198 [sic][)], *overruled on other grounds*, *Schwartz v. Volvo North America Corp.*, 554 So. 2d 927 (Ala. 1989), the '[f]ailure of a product does not presuppose the existence of a defect.' The fact that someone was injured while using a product does not establish that the product was unreasonably dangerous when put to its intended use. *Thompson v. Lee*, 438 So. 2d 113 (Ala. 1983); *Sears, Roebuck & Co. v. Haven Hills Farm, Inc.*, 395 So. 2d 991 (Ala. 1981); *Casrell v. Altec Industries, Inc.*, supra. Proof of an accident and injury alone is insufficient to establish fault under the AEMLD. *Thompson v. Lee*, supra. Rather, because the AEMLD is a fault-based cause of action, the plaintiff must prove more than the fact that an injury occurred while [the plaintiff was] using the product. *Casrell v. Altec Industries, Inc.*, supra. Under the

> AEMLD, the plaintiff must affirmatively show a
> defect in the product. Id.

Verchot, 2001 WL 564296 at *2.

At the same time, the Alabama Supreme Court recognized that under Alabama products liability law, summary judgment is appropriate only where the product at issue is not available *and the plaintiff has no other means of proving the alleged defect.* Id. at *4 (emphasis added), quoting Smith v. Atkinson, 771 So. 2d 429, 434 (Ala. 2000). In Verchot, the plaintiffs argued that they had presented direct evidence of the defect in the master cylinder by their own testimony about the accident at issue and about a prior brake failure they had experienced in the same case, a photograph of the brake pedal fully depressed, and the testimony of mechanics who said the wheels locked after the master cylinder at issue was reinstalled. Id. The court, however, noted that the mechanics who inspected the car for the plaintiffs stated in deposition that they could not testify that a defect in the master cylinder was the only factor that caused the brakes to fail. Id.

The instant case is factually similar to Verchot. The plaintiff in this case offers her own version of the accident, which is that the skillet handle simply separated from the hot skillet. However, plaintiff has offered even less evidence than

13

the plaintiffs in Verchot.  Plaintiff has not offered any expert testimony as to how or why the skillet handle separated; nor has she offered any evidence that the failure could not have occurred in the absence of a defect.  This court agrees with the reasoning of the Alabama Supreme Court in Verchot, which stated: "... plaintiff's evidence indicating that the accident could have been attributable to an internal defect ... is necessarily speculative and nonselective and does not constitute substantial evidence indicating that a ... defect caused the accident."  Id. at *5.  Accordingly, the plaintiff has failed to demonstrate that a genuine issue of material fact exists as to any defect in the skillet; therefore, the defendants' motion for summary judgment is due to be granted on plaintiff's AEMLD claim.

    The plaintiff's AEMLD claim also is due to be dismissed on grounds of spoliation of evidence.  It is clear that plaintiff had sole possession of the product made the basis of this lawsuit, and that she failed to preserve the skillet for use as evidence in this case.  Without the evidence, the defendants are prejudiced in that they are unable to present any defense as to whether the skillet that was used in the accident was manufactured by the defendant, and whether it was defective.  Accordingly, the motion for summary

judgment is due to be granted for this separate and additional reason.

### B. Negligence/Wantonness Claims

While defendants do not discuss plaintiff's claims of negligence, they do seek summary judgment on "all of plaintiff's claims." Accordingly, the court addresses the claims that the defendants negligently manufactured the skillet; negligently failed to warn of the skillet's dangers; and acted wantonly in the manufacture and distribution of the skillet. The court first notes that these claims must fail for the same reason the AEMLD claim must fail: plaintiff has not shown that the skillet was defective or "unreasonably dangerous." If the product was not defective or unreasonably dangerous, there is no evidence that the manufacturer was negligent in producing the product; likewise, there was no duty to warn of its dangerous condition.

The negligence claims must fail for a second reason. Under Alabama law, a negligence action is merged into the AEMLD claim and no separate action for negligence exists for injury caused by an allegedly defective product. See Wakeland v. Brown & Williamson Tobacco Corp., 996 F. Supp. 1213, 1217-18 (S.D. Ala. 1998), citing Veal v. Teleflex Inc., 586 So. 2d 188 (Ala. 1991).

Plaintiff has not alleged, must less supported with any evidence, that defendants engaged in any wanton conduct. That claim, too, must fail. Accordingly, the defendants' motion for summary judgment on plaintiff's claims of negligence and wantonness is due to be granted.

### D. Breach of Express and Implied Warranties

In addition to her negligence-based claims, the plaintiff alleges claims rooted in the law of contract: that the defendants breached both express and implied warranties. Plaintiff avers that defendants "expressly warranted that the Revere skillet and its component parts ... were free of defects both in material and workmanship, and that they were in conformity with the reasonable expectations" of the buyer. Complaint ¶ 22. Similarly, plaintiff asserts that defendants "impliedly warranted" that the skillet and its component parts were "fit for their intended uses and purposes." Complaint ¶ 28. The court need not examine fully the law relating to warranties, however, in order to determine that these claims also are subject to summary adjudication in favor of the defendants. The "breaches" of which plaintiff complains relates to the allegedly defective condition of the skillet; as discussed *supra*, plaintiff cannot prove that any defect exists.

Accordingly, the motion for summary judgment as to the warranty claims is due to be granted.

## IV. CONCLUSION

Based on the foregoing facts and legal conclusions, defendants have demonstrated that there exist no genuine issues of material fact as to any of plaintiff's claims. Accordingly, this court determines that defendants' motion to dismiss, which was deemed a motion for summary judgment (court document #16) against plaintiff is due to be granted and all of plaintiff's claims are due to be dismissed with prejudice.

A separate order will be entered herewith granting judgment in favor of the defendants.

DATED the 6th day of May, 2002.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE